## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**JAMES WASHINGTON**

**VERSUS**

**DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, ET AL.**

**CIVIL ACTION**

**No. 25-55-SDD-SDJ**

---

### ORDER

Before the Court is a Motion to Stay Discovery (R. Doc. 18) filed by Defendant Department of Public Safety and Corrections. In this Motion, DPSC asserts that the then-pending Motion to Remand (R. Doc. 5) concerns a jurisdictional question, and so the Court should resolve that question before discovery is allowed to commence. (R. Doc. 18 at 3). DPSC further asserts that its pending Motion to Dismiss raises questions as to the juridical personhood of DPSC, and DPSC should not be subject to discovery until that issue is resolved. (R. Doc. 18-1 at 2). Plaintiff opposes this Motion, stating merely that there is no basis for such a stay. (R. Doc. 23). DPSC expands on its arguments for a stay in its Reply (R. Doc. 31).

As an initial matter, the Motion to Remand has been resolved and no longer presents a jurisdictional issue to the Court's ruling on other matters. (Report and Recommendation, R. Doc. 37; Ruling Adopting, R. Doc. 45). As such, only the question of the Motion to Dismiss remains. On that note, DPSC asserts that its Motion to Dismiss raises the question of whether DPSC is a juridical "person" under 42 U.S.C. § 1983—a threshold issue that could remove DPSC from the case entirely; therefore, it says, a stay of discovery is appropriate. DPSC cites several cases in the District of Nevada supporting this assertion. (R. Doc. 31 at 3).

In this District, however, we have found that no federal or local rule, statute, or binding case law applicable in this case automatically stays discovery pending a ruling on a dispositive motion.[1] While certain immunities protect parties from suit—including discovery—the question of juridical personhood does not trigger such protection. Instead, the argument here is merely that Defendant will prevail on its Motion to Dismiss. "[I]f the Federal Rules of Civil Procedure contemplated that pending motions to dismiss would stay discovery, they would contain a provision to that effect".[2] A stay of discovery in light of a pending dispositive motion is the exception rather than the rule.[3] It is an "extraordinary step" and should not be granted merely because a defendant believes it will prevail on a dispositive motion.[4] While some courts may take the strength of a dispositive motion into account when determining whether to stay discovery, this is only a cursory review of the dispositive motion to assess whether the arguments are so substantial to render discovery futile.[5] While DPSC's Motion to Dismiss may determine DPSC's ability to be sued under § 1983, it does not speak to the state law claims against DPSC except in one sentence regarding supplemental jurisdiction. (R. Doc. 15 at 2). The Court does not find this "so substantial as to render discovery futile".

---

[1] *See, e.g. Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021) (citing *Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved.")).

[2] *X Corp. v. Media Matters for Am.*, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024).

[3] *Notariano v. Tangipahoa Par. Sch. Bd.*, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)).

[4] *Valenzuela v. Crest-Mex Corp.*, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017); *Griffin v. Am. Zurich Ins. Co.*, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (citing *Glazer's*, 2008 WL 2930482).

[5] *X Corp.*, 2024 WL 1895255, at *2.

As a matter of federal procedure, a request to stay discovery must be considered a motion for protective order under Fed. R. Civ. P. 26(c)(1).[6] And so, courts should exercise discretion to stay discovery only for good cause, to protect from annoyance, embarrassment, oppression, or undue burden or expense.[7] The burden is on the party seeking a stay to show its necessity with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements".[8] This demonstration must necessarily allege facts beyond the ordinary costs of litigation.[9] Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion, because the mere existence of a dispositive motion does not constitute good cause.[10]

Here, DPSC does not argue any burden beyond the normal scope of litigation, and so the Court does not find that a stay of discovery is appropriate at this time. Accordingly,

**IT IS ORDERED** that the Motion to Stay Discovery (R. Doc. 18) is **DENIED**.

As such,

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery Responses (R. Doc. 36) is **GRANTED** to the extent that discovery shall go forward unhindered. Defendant

---

[6] *Great Lakes*, 2021 WL 7708048, at *10 (citing *Landry v. Air Line Pilots Assoc. Int'l ALF-CIO*, 901 F.2d 404, 435 (5th Cir. 1990)).

[7] Fed. R. Civ. P. 26(c)(1); *X Corp.*, 2024 WL 1895255, at *1 (quoting *Von Drake v. Nat'l Broad. Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004)).

[8] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

[9] To argue otherwise would be to say that all litigation costs constitute an "undue burden" under the Federal Rules.

[10] *See, e.g., Great Lakes*, 2021 WL 7708048 at *10 ("[Defendant's] pending dispositive motion does not render discovery premature."); *Valenzuela*, 2017 WL 2778104, at *5 ("[A]lthough the motion to compel arbitration might, if granted, result in the complete dismissal of this case as pending in this Court, that possibility alone does not, considering all the other factors discussed above, justify taking the extraordinary step of staying discovery."); *Ashford Inc. v. United Here.*, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (Lynn, J.) (denying discovery stay because "the Court has a general interest in efficiently managing its docket, an interest that is rarely served by staying discovery pending the outcome of an arguably meritorious dispositive motion"); *Glazer's*, 2008 WL 2930482, at *1 ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *United States. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (declining to stay discovery for pending Rule 12(b)(6) motion where movants did not show that discovery would be oppressive, unduly burdensome, or expensive).

shall respond to any outstanding discovery requests within 21 days of this order or on the date on

which responses are due per the Federal Rules, whichever is latest.

Signed in Baton Rouge, Louisiana, on July 28, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**